```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
LORI MEIGEL,                        :
                                    :
                       Plaintiff,   :    11 Civ. 465 (KBF)
                                    :
            -v-                     :    MEMORANDUM OPINION
                                    :         & ORDER
FLOWERS OF THE WORLD, NYC., INC. d/b/a :
FLOWERS OF THE WORLD, GREENTHORN LTD :
d/b/a FLOWERS OF THE WORLD, PETER   :
GRONTAS, MOSHE HACOHEN and SARA     :
CANCELLARO                          :
                                    :
                       Defendants.  :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 09 2012

KATHERINE B. FORREST, District Judge:

On December 12, 2011, the parties executed a settlement agreement (the "Agreement") that provided for a payment to plaintiff related to unpaid overtime compensation that is less than the full sum of liquidated damages mandated by the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 216(b). An Order of December 15, 2011, directed the parties to provide the Court with the basis for its settlement calculations, so that the Court could scrutinize the Agreement for fairness. See Elliot v. Allstate Investigations, Inc., No. 07 Civ. 6078 (DLC), 2008 WL 728648, at *1-3 (S.D.N.Y. Mar. 19, 2008). Counsel for plaintiff, with the consent of defendants, submitted to the Court said basis in a letter dated January 6, 2012.

BACKGROUND

Lori Meigel ("Meigel") commenced this action on January 21, 2011, alleging that her employer failed to pay her overtime and spread of hours pay. In the January 6 submission in support of the Agreement, counsel for plaintiff states that Meigel's salary was $16.50 per hour and she was not paid overtime--i.e., an additional $8.25 per hour--for approximately 10 hours per week for 96 weeks. Taking these allegations as true, under the penalty provision of the FLSA, 29 U.S.C. § 216(b), Meigel is entitled to $15,840, which includes liquidated damages calculated at 100% of the unpaid overtime compensation. Counsel for plaintiff also alleges in the submission a spread of hours claim of approximately $1,000. The parties agreed to settle the claims for $21,000. Of this amount, $7,345.56 will go to Meigel's attorneys. The January 6 submission provides that $7,654.44 of plaintiff's share represents economic damages for overtime and spread of hours pay and $6,000 represents non-economic damages and plaintiff's claim for retaliation.

DISCUSSION

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Johnson v. Brennan, No. 10 Civ. 4712

(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011.) Here, the settlement was a product of litigation, where both sides were represented by counsel, and, as counsel for plaintiff points out in the January 6 submission, there was a question regarding whether plaintiff--a floral designer--qualified for the creative professional exemption to FLSA, 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.300, and New York labor law, NYCRR § 142-2.14(c)(4)(iii)(a). Under these circumstances, the Court finds the Agreement reasonable and fair.

CONCLUSION

The Agreement is approved, and this action is dismissed with prejudice. The Clerk of the Court is directed to terminate this action.


SO ORDERED:

Dated:   New York, New York
         January 9, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge